# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHARON RENEE HILL, )<br>　　　　Plaintiff, )<br>　　v. )<br>KOHL'S DEPARTMENT STORES, INC., )<br>　　　　Defendant. ) | 1:11-cv-00464 LJO GSA<br><br>**ORDER REGARDING DEFENDANT'S REMOVAL NOTICE AND ITS EFFECT**<br><br>**ORDER CONTINUING INITIAL SCHEDULING CONFERENCE TO JUNE 14, 2011 at 10:00 a.m.** |

　　　On May 12, 2011, this Court received written correspondence from Plaintiff Sharon Renee Hill. (*See* Doc. 6.) It appears Plaintiff may be confused with regard to the status of the state court action, following Defendant Kohl's Department Stores, Inc.'s removal to this Court, and whether any appearance is necessary in this Court. To ensure Plaintiff understands her obligations to this Court, the following information is provided.[1] Additionally, in light of a procedural defect, Defendant is provided one week within which it may amend its pleading.

---

[1] Plaintiff is advised that ex parte communication with the Court is improper. All pleadings or correspondence must be filed in accordance with this Court's Local Rules and served on opposing counsel. Plaintiff is encouraged to familiarize herself with the Court's Local Rules. The Local Rules may be accessed free of charge by visiting: www.caed.uscourts.gov.

1

**DISCUSSION**

On March 11, 2011, Defendant filed a Notice of Removal of Action Under 28 U.S.C. § 1441(b). (Doc. 1.) Typically, such a filing would effectively close and conclude the state court action, and all further proceedings would occur in this Court. However, upon receipt of Plaintiff's correspondence, this Court reviewed its docket, and more particularly, Defendant's removal notice. The Court also consulted the Fresno County Superior Court's website regarding its case number 09CECG00689DSB.[2]

Following review, this Court finds Defendant's Notice of Removal is procedurally defective. Title 28 of the United States Code section 1446(d) provides that:

> Promptly after the filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties *and shall file a copy of the notice with the clerk of such State court, which shall effect the removal and the State court shall proceed no further unless and until the case is remanded*.

(Emphasis added.) In this case, Defendant failed to file a copy of its notice with the Fresno County Superior Court clerk. The proof of service attached to its Notice of Removal indicates that only Plaintiff herself was served. (*See* Doc. 1 at 3-4.) Additionally, the state court's website provides a docket report for case number 09CECG00689DSB which reveals the last action occurred on July 30, 2010. Further, the case is not closed, nor is there any indication the state court is aware of the proceedings here in Federal court. (*See* http://banweb.co.fresno.ca.us.)

//
//
//
//

---

[2] A court may take notice of facts that are capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b); *United States v. Bernal-Obeso*, 989 F.2d 331, 333 (9th Cir. 1993). The record of state court proceedings is a source whose accuracy cannot reasonably be questioned, and judicial notice may be taken of court records. *Mullis v. United States Bank. Ct.*, 828 F.2d 1385, 1388 n.9 (9th Cir. 1987); *Valerio v. Boise Cascade Corp.*, 80 F.R.D. 626, 635 n.1 (N.D. Cal. 1978), *aff'd* 645 F.2d 699 (9th Cir.); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989); *Rodic v. Thistledown Racing Club, Inc.*, 615 F.2d 736, 738 (6th Cir. 1980).

1  **Accordingly, Defendant may file an amended removal notice no later than 1:00 p.m.
2  on Friday, May 20, 2011.  Defendant shall ensure that its amended notice of removal is in
3  fact served upon the clerk of the state court.**³

4      Notwithstanding the above, and assuming Defendant will correct the procedural defect
5  identified herein, Plaintiff is advised that her matter will now be litigated in this Court, rather
6  than in the Fresno County Superior Court.  Thus, Plaintiff will no longer be required to appear in
7  the state court, and all dates and deadlines previously set in that court are no longer of
8  consequence.  This Court will set its own dates and deadlines at its Initial Scheduling
9  Conference.

10      Related thereto, the **Initial Scheduling Conference** previously scheduled for Tuesday,
11  May 24, 2011, at 9:00 a.m. in hereby **CONTINUED** to **Tuesday, June 14, 2011, at 10:00 a.m.
12  in Courtroom 10** before the undersigned.

13      IT IS SO ORDERED.

14      Dated:   **May 13, 2011**            /s/ **Gary S. Austin**
                                                  UNITED STATES MAGISTRATE JUDGE

---

³A federal court may exercise jurisdiction despite defects in the manner in which the removal was effected. Such defects are curable by amendment in federal court. *Fristoe v. Reynolds Metal Co.*, 615 F.2d 1209, 1212-13 (9th Cir. 1980).